**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 114043

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Alyxx Morgen, James M. Caruso and Hope M. Demasco, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>United Collection Bureau, Inc.,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Alyxx Morgen, James M. Caruso and Hope M. Demasco, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against United Collection Bureau, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**<u>INTRODUCTION</u>**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**<u>JURISDICTION AND VENUE</u>**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4. At all relevant times, Defendant conducted business within the State of New York.

**PARTIES**

5. Plaintiff Alyxx Morgen is an individual who is a citizen of the State of New York residing in New York County, New York.

6. Plaintiff James M. Caruso is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiff Hope M. Demasco is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

8. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

9. On information and belief, Defendant United Collection Bureau, Inc., is an Ohio Corporation with a principal place of business in Lucas County, Ohio.

10. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

12. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

13. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

14. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

15. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

16. In its efforts to collect the debt alleged owed by Plaintiff Morgen, Defendant contacted Plaintiff Morgen by letter (the "Morgen Letter") dated October 11, 2016, referencing a "Current Account Balance" of $14,303.54. ("**Exhibit 1**.")

17. In its efforts to collect the debt alleged owed by Plaintiff Caruso, Defendant contacted Plaintiff Caruso by letter (the "Caruso Letter") dated October 11, 2016, referencing a "Current Account Balance" of $1,114.39. ("**Exhibit 1**.")

18. In its efforts to collect the debt alleged owed by Plaintiff Demasco, Defendant

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

contacted Plaintiff Demasco by letter (the "Demasco Letter") dated December 13, 2016, referencing a "Current Account Balance" of $4,307.85. ("**Exhibit 1**.")

19. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF CARUSO**

20. Plaintiff Caruso repeats and realleges the foregoing paragraphs as if fully restated herein.

21. The Debt was incurred on a Department Stores National Bank credit card.

22. The Caruso Letter sets forth a "**Current** Account Balance." (emphasis added.)

23. The Letter further sets forth, "**as of the date of this letter**, you owe the above referenced balance." (emphasis added.)

24. The Letter also refers to a "full balance on the account," although that amount is not set forth.

25. Pursuant to the terms and conditions of the credit card, Department Stores National Bank charged Plaintiff interest on any balance carried on the account.

26. Pursuant to the terms and conditions of the credit card, Department Stores National Bank charged Plaintiff late fees on any payments due but not timely made by Plaintiff.

27. Pursuant to the terms and conditions of the credit card, Department Stores National Bank charged Plaintiff other fees on the account.

28. The right to collect from Plaintiff interest on any balance carried on the account was not waived by Department Stores National Bank.

29. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by Department Stores National Bank.

30. The right to collect from Plaintiff other fees on the account was not waived by Department Stores National Bank.

31. The right to collect from Plaintiff interest on any balance carried on the account was not waived by any assignee or successor-in-interest.

32. The right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff was not waived by any assignee or successor-in-interest.

33. The right to collect from Plaintiff other fees on the account was not waived by

any assignee or successor-in-interest.

34. Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

35. Pursuant to the terms and conditions of the credit card, interest continued to accrue on any balance unpaid.

36. Pursuant to the terms and conditions of the credit card, late fees continued to accrue on any payments due but not timely made by Plaintiff.

37. Pursuant to the terms and conditions of the credit card, other fees continued to accrue on the account.

38. Pursuant to the terms and conditions of the credit card, Department Stores National Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff interest on any balance carried on the account.

39. Pursuant to the terms and conditions of the credit card, Department Stores National Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff.

40. Pursuant to the terms and conditions of the credit card, Department Stores National Bank and any assignee or successor-in-interest had the legal right to collect from Plaintiff other fees on the account.

41. Pursuant to the terms and conditions of the credit card, the legal right of Department Stores National Bank and any assignee or successor-in-interest to collect from Plaintiff interest on any balance carried on the account is not waived by Department Stores National Bank or any assignee or successor-in-interest as a result of a failure by either Department Stores National Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned interest.

42. Pursuant to the terms and conditions of the credit card, the legal right of Department Stores National Bank and any assignee or successor-in-interest to collect from Plaintiff late fees on any payments due but not timely made by Plaintiff is not waived by Department Stores National Bank or any assignee or successor-in-interest as a result of a failure by either Department Stores National Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned late fees.

43. Pursuant to the terms and conditions of the credit card, the legal right of

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Department Stores National Bank and any assignee or successor-in-interest to collect from Plaintiff other fees on the account is not waived by Department Stores National Bank or any assignee or successor-in-interest as a result of a failure by either Department Stores National Bank or any assignee or successor-in-interest at any point in time to attempt to collect from Plaintiff the aforementioned other fees.

44. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

45. The Letter failed to disclose that the balance stated may increase due to interest.

46. The Letter failed to disclose that the balance stated may increase due to late fees.

47. The Letter failed to disclose that the balance stated may increase due to other fees.

48. The Letter, because of the aforementioned failures, violates 15 U.S.C. § 1692e.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF CARUSO**

49. Plaintiff Caruso repeats and realleges the foregoing paragraphs as if fully restated herein.

50. As previously set forth, the Caruso Letter sets forth a "**Current** Account Balance." (emphasis added.)

51. As previously set forth, the Letter also sets forth, "**as of the date of this letter**, you owe the above referenced balance." (emphasis added.)

52. As previously set forth, the Letter also refers to a "full balance on the account," although that amount is not set forth.

53. As previously set forth, Plaintiff was always charged interest on any balance carried on the account.

54. As previously set forth, Plaintiff was always charged late fees on any payments due but not timely made by Plaintiff.

55. As previously set forth, Plaintiff was never informed by anyone that the terms and conditions of the credit card were changed.

56. The Letter fails to disclose whether the amount stated may increase due to additional interest.

57. The Letter fails to disclose whether the amount stated may increase due to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

additional late fees.

58. The Letter fails to indicate whether the creditor will accept payment of the amount stated in full satisfaction of the debt if payment is made by a specified date.

59. The Letter fails to indicate the minimum amount Plaintiff owed at the time of the Letter.

60. The Letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the Letter.

61. The Letter fails to provide information that would allow Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

62. The Letter fails to provide information that would allow the least sophisticated consumer to determine what he or she will need to pay to resolve the debt at any given moment in the future.

63. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of interest owed.

64. For instance, the Letter fails to indicate the applicable interest rate.

65. For instance, the Letter fails to indicate the date of accrual of interest.

66. For instance, the Letter fails to indicate the amount of interest during any measurable period.

67. The Letter fails to provide information that would allow the least sophisticated consumer to determine the amount of late fees owed.

68. For instance, the Letter fails to indicate the amount of late fees.

69. For instance, the Letter fails to indicate the date such fees will be added.

70. For instance, the Letter fails to indicate the amount of late fees during any measurable period.

71. The Letter fails to contain an explanation, understandable by the least sophisticated consumer, of any fees and interest that may cause the amount stated to increase.

72. The Letter fails to state whether interest, late fees and/or other fees are accruing.

73. The Letter fails to state what part of the amount stated is attributable to principal.

74. The Letter fails to state what part of the amount stated is attributable to interest.

75. The Letter fails to state what part of the amount stated is attributable to late fees.

76. The Letter fails to state what part of the amount stated is attributable to other fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

77. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the minimum amount owed at the time of the Letter.

78. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine what she will need to pay to resolve the debt at any given moment in the future.

79. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

80. The Letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

81. The Letter includes a settlement offer.

82. The Letter fails to indicate whether the amount stated may increase due to additional interest if the settlement is not accepted.

83. The Letter fails to indicate whether the amount stated may increase due to additional late fees if the settlement is not accepted.

84. A collection letter violates 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

85. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current" and the phrases "as of the date of this letter" and "full balance on the account," can reasonably be read by the least sophisticated consumer to mean that interest was still accruing.

86. The Letter, because of the aforementioned failures, and because interest and late fees were always charged on the account and Plaintiff was never informed by anyone that interest and late fees would no longer be applied, and especially because of the use of the word "Current" and the phrases "as of the date of this letter" and "full balance on the account," can reasonably be read by the least sophisticated consumer to mean that late fees were still accruing.

87. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest was no longer accruing.

88. The Letter could also reasonably be read by the least sophisticated consumer to

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

mean that late fees were no longer accruing.

89. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated.

90. The Letter could reasonably be read by the least sophisticated consumer to mean that the debt could be satisfied in full by payment of the amount stated at any time after receipt of the Letter.

91. The Letter could also reasonably be read by the least sophisticated consumer to mean that the amount stated was accurate only on the date of the Letter because of the continued accumulation of interest and/or late fees.

92. The Letter could reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would continue to accrue on the debt if the settlement offer was not accepted.

93. The Letter could also reasonably be read by the least sophisticated consumer to mean that interest and/or late fees would not re-commence on the debt if the settlement offer was not accepted.

94. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer's ability to respond to the settlement offer is negatively affected.

95. Because the least sophisticated consumer would not know whether, if the settlement was not accepted, interest and fees would re-commence or whether the amount of the debt was static, the consumer would be unable to determine the actual value of Defendant's settlement offer.

96. Because the Letter can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, it is deceptive under 15 U.S.C. § 1692e.

97. For these reasons, Defendant violated 15 U.S.C. § 1692e.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF CARUSO**

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

98. Plaintiff Caruso repeats and realleges the foregoing paragraphs as if fully restated herein.

99. Alternatively, even if Plaintiff's account was not subject to continued interest pursuant to the terms and conditions of the credit card – which it was – the account was subject to interest by operation of law.

100. Plaintiff's debt was incurred pursuant to a contract between Plaintiff and Department Stores National Bank.

101. N.Y.C.P.L.R. § 5001(a) provides that interest shall be recovered upon a sum awarded because of a breach a contract.

102. An award of interest under § 5001 is mandatory.

103. N.Y.C.P.L.R. § 5001(b) provides that interest shall be computed from the earliest ascertainable date the cause of action existed.

104. Department Stores National Bank and any assignee or successor-in-interest possessed a guaranteed right to interest on the Debt from, at the latest, October 11, 2016.

105. As such, the amount stated in the Caruso Letter was subject to the accrual of interest.

106. The Letter failed to disclose that the amount stated may increase due to interest.

107. The Letter, because of the aforementioned failure, violates 15 U.S.C. § 1692e.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO ALL PLAINTIFFS**

108. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

109. The Letters offer Plaintiffs a “settlement” of more than $600 off the amount of the alleged debts.

110. The Letters set forth an exact amount that Defendant alleges will be “saved” by Plaintiffs should Plaintiffs accept Defendant’s settlement offers.

111. Pursuant to 26 U.S.C. § 6050P Defendant may be required to report the cancellation of Plaintiffs’ debt on a Form 1099-C.

112. If required to do so, there will be a tax consequence to Plaintiffs.

113. Such tax consequence will result in income reported to Plaintiffs.

114. Plaintiffs will incur a tax liability if a Form 1099-C is filed.

115. If Plaintiffs incur a tax liability, Plaintiffs will have to pay such tax liability.

116. Such payment will result in Plaintiffs "saving" less than Defendant alleges Plaintiffs will save if the settlement is accepted.

117. The least sophisticated consumer would likely be deceived by the letters.

118. The least sophisticated consumer would likely be deceived in a material way by the letters.

119. The least sophisticated consumer would likely be deceived into believing she will save more money than she actually will.

120. The least sophisticated consumer would likely be deceived into believing Defendant's settlement offer is more in her favor than it actually is.

121. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect Plaintiffs' alleged debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**CLASS ALLEGATIONS**

122. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection including a settlement offer stating the exact amount the consumer will "save," when such "savings" is more than $600.00, from one year before the date of this Complaint to the present.

123. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

124. Defendant regularly engages in debt collection.

125. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection including a settlement offer stating the exact amount the consumer will "save," when such "savings" is more than $600.00.

126. Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

127. The prosecution of separate actions by individual members of the Class would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

128. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

**JURY DEMAND**

129. Plaintiffs hereby demand a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: October 19, 2017

**BARSHAY SANDERS, PLLC**

By: ___*/s/ Craig B. Sanders*_______________
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 114043

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530